**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARRELL JESSE RIVERA, | : | Civil No. 1:25-CV-02145 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MEDIKO CORRECTIONAL | : | |
| HEALTHCARE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Presently before the court is a complaint filed by Darrell Jesse Rivera

("Plaintiff"), a self-represented individual currently housed at the Dauphin County

Prison as a pretrial detainee, alleging a denial of medical care.  (Doc. 1.)  Plaintiff

has applied to proceed *in forma pauperis*.  (Doc. 4.)  The court will grant

Plaintiff's motion to proceed *in forma pauperis*, file the complaint, dismiss the

complaint without prejudice, and grant Plaintiff leave to file an amended

complaint.

**BACKGROUND**

On November 13, 2025, the court received and docketed Plaintiff's

complaint in the above captioned action.  (Doc. 1.)  This complaint names the

following three defendants: (1) Mediko Correctional Healthcare; (2) all medical

staff of Mediko Correctional Healthcare; and (3) Dauphin County Prison.  (*Id.*)  He

alleges he has been denied a medically necessary specialty mattress.  (*Id.*)

1

Specifically, Plaintiff alleges that around October 20, 2025 to October 21, 2025, he

send a medical request to Mediko Correctional Healthcare to be seen by staff for

them to make a determination of his request for a medical mattress because of the

pain from his scoliosis.  (Doc. 1, p. 5.)[1]  Plaintiff alleges that he never received a

response.  (*Id*.)  He then alleges that he refused his medications in an attempt to

trigger an automatic appointment with a medical provider.  (*Id*., pp. 5–6.)  He then

alleges that he filled out a Dauphin County Prison grievance form with no

response.  (*Id*., p. 6.)  He requested medical treatment from Dauphin County Prison

Correctional Officers but was refused.  (*Id*.)  He states that his fiancé contacted

Dauphin County on his behalf, and nothing has occurred as a result of her requests.

(*Id*.)  He states that Dauphin County Prison has "enabled" Mediko in their sub-

standard care. (*Id*.)

Plaintiff filed a motion to proceed *in forma pauperis* and a prisoner trust

fund account statement.  (Docs. 4, 5.)  The court will grant Plaintiff's motion to

proceed *in forma pauperis* and screen the complaint.

JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant

to 28 U.S.C. § 1331, which allows a district court to exercise subject matter

jurisdiction in civil cases arising under the Constitution, laws, or treaties of the

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

United States.  Venue is proper in this district because the alleged acts and

omissions giving rise to the claims occurred in Dauphin County, Pennsylvania,

which is located in this district.  *See* 28 U.S.C. § 118(b).

### STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma*

*pauperis* case "at any time if the court determines that . . . the action . . . fails to

state a claim upon which relief may be granted[.]"  The legal standard for

dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is

identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions

to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d

Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

*Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as

true and construe all reasonable inferences in favor of the nonmoving party.  *Doe*

3

*v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### DISCUSSION

Plaintiff filed this complaint raising claims under 42 U.S.C. § 1983 premised on the denial of a medical mattress at Dauphin County Prison. (Doc. 1.) However, the facts, as alleged, fail to state a claim upon which relief may be granted.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation

4

which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint does not allege the personal involvement of any individually named Defendant.  Instead, he alleges inaction on the part of Dauphin County Prison for not responding to his request for relief and inaction on the part of Mediko Correctional Healthcare and its staff for refusing to see him.  (Doc. 1, pp. 5–6.)

It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991).  Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983. *Fischer v. Cahill*, 474, F.2d 991, 992 (3d Cir. 1973).  The Dauphin County Prison is not a person within the meaning of 42 U.S.C. § 1983.  Thus, it is entitled to dismissal with prejudice.

Furthermore, a private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).  Accordingly, to state a viable § 1983 claim against Mediko Correctional

Healthcare, the complaint must set forth "facts to state a claim that [it] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue." *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale*, 318 F.3d at 583). The policy, custom, or practice of Mediko Correctional Healthcare was not addressed anywhere in the complaint. Therefore, the company lacks personal involvement and there are no allegations consistent with the requirements in *Natale*. As such, all claims against Mediko Correctional Healthcare will be dismissed without prejudice.

Turning to the individual persons named in the complaint, the entire medical staff at Mediko Correctional Health care, Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff does not allege any specific actions on the part of the entire staff or any specific staff member in the complaint. Instead, he alleges he sent a request to the employer, Mediko Correctional Healthcare, and Mediko Correctional Healthcare did not respond. (Doc. 1, p. 5.) Therefore, the entire medical staff at Mediko Correctional Healthcare will be dismissed without prejudice.

## CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, and dismiss the complaint pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  The claims against Dauphin County Prison will

be dismissed with prejudice.  The claims against Mediko Correctional Healthcare

and its entire staff will be dismissed without prejudice.  The court will grant

Plaintiff leave to file an amended complaint to cure the above stated pleading

defects.

    An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 16, 2025